UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESTREET IMPORT & EXPORT (TIANJIN) CO. LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>XL x HF, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-02303-AGT<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION** |

Tomorrow's Zoom hearing on defendants' motion to dismiss is vacated. The Court has questions regarding whether federal subject-matter jurisdiction—specifically, diversity jurisdiction under 28 U.S.C. § 1332—exists over this breach-of-contract action filed originally in Alameda County Superior Court and removed to this Court based on diversity. Though plaintiff did not contest removal, federal courts have an independent duty to ensure subject-matter jurisdiction exists before considering the merits of a case, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendants, as the parties invoking federal jurisdiction here, bear the burden of proof. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001).

Based on the Court's review of the notice of removal, the complaint, and the parties' submissions in connection with defendants' pending motion to dismiss, it appears that complete diversity is lacking. Defendants Loyalist, LLC and TL x HF, LLC[1] are both limited liability

---

[1] Defendants note that plaintiff's complaint erroneously names TL x HF, LLC as "XL x HF, LLC." Dkt. 7 at 2 n.1.

companies, and plaintiff CollegeStreet Import & Export (Tianjin) Co. Ltd. ("College Street") is a China limited company, which, as far as the Court can tell, is akin to an LLC. *See* Dkt. 1, Notice of Removal at 3–4. For purposes of diversity jurisdiction, limited liability companies and other unincorporated entities are citizens of every state where their owners or members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (an unincorporated entity "possesses the citizenship of all its members" for diversity purposes). "When a member of an LLC is another LLC, citizenship 'is determined by the citizenship of their members (and their members' members).'" *SD-3C, LLC v. Barun Elecs. Co.*, 2019 WL 4411977, at *3 (N.D. Cal. Sept. 16, 2019) (citation omitted).

Defendants' notice of removal fails to allege any facts regarding the membership of the LLC parties or the citizenship of those members—a failure which, on its own, "is enough to support remand."[2] *Wagner v. Spire Vision LLC*, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013); *see Kanter*, 265 F.3d at 857–58 ("Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.") (citation omitted); *Solberg v. NDEx West, LLC*, 2011 WL 1295940, at *3–4 (N.D. Cal. Mar. 31, 2011) (finding failure to allege facts regarding citizenship of an LLC gave defendant no basis for removal). More problematic, the complaint and other filings on the docket indicate that College Street (and/or its sole owner, Jin Zhang) has been a member of Loyalist since 2019. *See* Dkt. 5, FAC ¶¶ 13–18 (alleging that "the parties entered into written debt-assumption contracts in late 2018" through which "Loyalist transferred 343,324 ownership units to College Street") & Ex. A (Common Unit Purchase Agreement and Release, providing that as of March 1, 2019, "[Jin Zhang] assumes all of the rights and obligations of a Member of

---

[2] The notice of removal does allege each LLC's place of formation and principal place of business, which is the test for determining citizenship of a corporation, but is inapplicable to LLCs. *See Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014) (explaining that an LLC's place of formation or principal place of business is irrelevant to the LLC citizenship analysis).

[Loyalist, LLC]" and "[Loyalist] and the Board of Managers herby consent to the admission of [Jin Zhang] as a Member of [Loyalist] pursuant to the terms of the LLC Agreement"); Dkt. 13-1, Zhang Decl. ¶ 7 ("I, on behalf of College Street, negotiated and entered into, with Defendants Loyalist and XL x HF [sic] all the Contracts-At-Issue in this case (the contracts attached to the FAC)"), ¶ 8 ("Under the Contracts-At-Issue, since September 2020, College Street has been receiving K-1 schedules from Loyalist for dividends of the stock shares College Street owns in Loyalist."). Based on these facts, it appears that defendants cannot meet their burden of establishing complete diversity. *See Shevick v. Zupon Ent., LLC*, 2011 WL 2495040, at *1 (C.D. Cal. June 22, 2011) ("[B]ecause an LLC is a citizen of every state of which its owners or members are a citizen, and because complete diversity is required, *if a plaintiff is an owner or member of a defendant LLC, then diversity . . . cannot be satisfied*.") (citation omitted).

By August 18, 2023, defendants must show cause in writing why this case should not be remanded to Alameda County Superior Court for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 10, 2023

ALEX G. TSE
United States Magistrate Judge

3