UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESTREET IMPORT & EXPORT (TIANJIN) CO. LTD., <br><br>Plaintiff, <br><br>v. <br><br>XL X HF LLC, et al., <br><br>Defendants. | Case No. 23-cv-02303-AGT <br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On August 10, 2023, the Court ordered defendants to show cause why this breach-of-contract action should not be remanded to Alameda County Superior Court for lack of subject-matter jurisdiction. Dkt. 21. In the order to show cause (OSC), the Court noted that defendants' notice of removal "fails to allege any facts regarding the membership of the LLC parties or the citizenship of those members—a failure which, on its own, 'is enough to support remand.'" *Id.* at 2 (quoting *Wagner v. Spire Vision LLC*, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013) (explaining that for purposes of diversity jurisdiction, LLCs "are a citizen of every state where its owners and members are citizens")). The Court further observed that beyond the defective allegations of citizenship in the notice of removal, "it appears that defendants cannot meet their burden of establishing complete diversity" because "the complaint and other filings on the docket indicate that [plaintiff limited company] College Street (and/or its sole owner, Jin Zhang) has been a member of [defendant LLC] Loyalist since 2019." *Id.* And the Court specifically explained that "because an LLC is a citizen of every state of which its owners or members are a citizen, and because complete diversity is required, *if a plaintiff is an owner or member of a defendant LLC, then diversity . . . cannot be satisfied*." *Id.* at 3 (quoting *Shevick v. Zupon Ent., LLC*, 2011 WL 2495040, at *1 (C.D. Cal. June 22, 2011)).

In their one-page response to the OSC, defendants do not address the apparent lack of complete diversity between the parties, nor do they dispute that plaintiff has been a member of defendant Loyalist, LLC since before this case was filed and removed. Instead, defendants simply assert that they "believe their unchallenged notice of removal of this case contains sufficient allegations, which are undisputed, for this Court to maintain subject-matter jurisdiction over this proceeding." Dkt. 22 at 2. Defendants then assert that they "do not otherwise oppose the Court's remand to Alameda County superior court if the Court determines that it does not have subject-matter jurisdiction over these proceedings based on the record currently before it." *Id*. The Court has already explained why the allegations of jurisdiction in defendants' notice of removal are plainly insufficient to establish diversity jurisdiction—starting with defendants' erroneous reliance on the citizenship test for corporations, which is inapplicable to the LLC parties in this case—and the fact that plaintiff did not challenge defendants' defective removal has no bearing on whether subject-matter jurisdiction exists over this action. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1264 (9th Cir. 1992) ("Defects in subject matter jurisdiction may be raised at any time, by the parties or by the court on its own motion, and may never be waived.").

Because the record demonstrates that complete diversity is lacking, the Court is without subject-matter jurisdiction to hear this case, and remand is required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk of Court is therefore directed to remand this action to Alameda County Superior Court for further proceedings. Plaintiff's pending motion for writ of attachment (Dkt. 6) and defendants' pending motion to dismiss (Dkt. 7) are terminated as moot.

**IT IS SO ORDERED.**

Dated: August 23, 2023

_____
ALEX G. TSE
United States Magistrate Judge