UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESTREET IMPORT & EXPORT (TIANJIN) CO. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>XL X HF LLC, et al.,<br><br>Defendants. | Case No. 23-cv-02303-AGT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 25 |

On August 23, 2023, after raising sua sponte the jurisdictional issue of whether complete diversity existed under 28 U.S.C. § 1332, the Court remanded this breach-of-contract action to Alameda County Superior Court for lack of subject-matter jurisdiction. Dkt. 23. Two days later, plaintiff filed a motion for an award of attorney's fees under 28 U.S.C. § 1447(c). Dkt. 25. The motion is denied.

"A district court may, in its discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal.'" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* The Court exercises that discretion here and finds that attorney's fees under § 1447(c) are not warranted in this case.

Plaintiff claims that "to oppose Defendants' improper removal, Plaintiff spent at least $6,885 attorney's [sic] fees." Dkt. 25 at 10. But plaintiff's motion makes clear that those fees

were incurred in connection with opposing defendants' Rule 12(b) motion to dismiss—not opposing defendants' removal of this action. *Id.* at 10–11. Indeed, it is unclear how plaintiff can claim any fees attributed to "oppos[ing] Defendants' improper removal" given that plaintiff never moved to remand and did not otherwise challenge any aspect of defendants' removal prior to the Court's sua sponte remand of this case to state court. On the contrary, as soon as the case was removed to federal court, plaintiff proceeded to file an amended complaint followed by a noticed motion for writ of attachment in which plaintiff specifically asserted that "[t]his is a diversity case; California law applies." Dkt. 6 at 5. Plaintiff's attempt to now claim that defendants "removed this case in bad faith," Dkt. 25 at 9—when plaintiff did not even challenge the removal—is without merit.

Under these circumstances, the Court declines to award fees under § 1447(c). *See Prestige Homes, LLC v. Willis*, 2014 WL 295049, at *5 (E.D. Cal. Jan. 24, 2014) (holding that "because the Court sua sponte orders this remand, no award of costs and fees is warranted"); *Keehan Tennessee Invs., LLC v. Guardian Cap. Advisors, Inc.*, 692 F. App'x 445, 446 (9th Cir. 2017) (vacating judgment awarding attorney's fees and costs under § 1447(c) where defendants improperly removed case to federal court on diversity grounds and plaintiff-LLCs did not challenge removal and instead filed an amended complaint and proceeded to litigate case until district court sua sponte identified potential lack of complete diversity and ultimately remanded case; holding that under these circumstances, "[b]oth parties share the blame and therefore the responsibility for paying their own costs of litigating a jurisdictionally deficient case in federal court for almost a year"). Plaintiff's motion for attorney's fees is denied.

**IT IS SO ORDERED.**

Dated: September 6, 2023

ALEX G. TSE
United States Magistrate Judge